```
                                                    FILED
                                              January 26, 2010
                                           CLERK, U.S. BANKRUPTCY COURT
                                           EASTERN DISTRICT OF CALIFORNIA
                                                 0002373096
```

ROBERT HAWKINS #131159
CHAPTER 7 TRUSTEE
1849 NORTH HELM, SUITE 110
FRESNO, CALIFORNIA 93727
(559) 255-0555

Chapter 7 Trustee

# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

In the Matter of

SUNNY J. FIRPO,

Debtor.
_____/

Case No. 09-17732-B-7F

DC No. RHT-1

**TRUSTEE'S MOTION FOR AUTHORIZATION TO SELL PERSONAL PROPERTY**
11 U.S.C. §363

Date: February 24
Time: 10:00 a.m.
Dept: B

**TO THE HONORABLE W. RICHARD LEE, UNITED STATES BANKRUPTCY JUDGE:**

Robert Hawkins respectfully represents:

1. He is the duly appointed, qualified, and acting trustee of the above-entitled estate.

2. The above-captioned case was filed under Chapter 7 on or about August 13, 2009, and Robert Hawkins was appointed Chapter 7 Trustee.

3. This Court has jurisdiction over this proceeding by virtue of 28 U.S.C. §1334(a). This is a "core" proceeding pursuant to 28 U.S.C. §157(b)(2)(A). This motion is brought pursuant to 11 U.S.C. §363.

4. Among the assets of this estate are a 2005 Lexus RX330 with a fair market value of approximately $15,453.00 and a 1999 Ford Expedition with a fair market value of approximately $3,000.00.

5. The Trustee has received an offer from the debtor, Sunny J. Firpo, to purchase the above-described assets for the total sum of $5,500.00. The funds have been received by the estate.

6. In deciding to accept the debtor's proposed offer, the Trustee took into consideration the fair market values of the vehicles, a lien against the Lexus in favor of Pacific Service Credit Union in the amount $9,960.62, the costs associated with taking possession of, storing, and selling the vehicles at auction, and the debtor's allowed exemption in the Expedition in the amount of $1,800.00. The Trustee does not believe that the estate would net a higher amount by selling the assets at auction.

7. The Trustee believes that sale of the above-described property on the terms set forth above is in the best interest of the creditors of this estate and all parties in interest.

**WHEREFORE**, the Trustee prays that after appropriate notice and opportunity to be heard, he be authorized to sell the above-described assets to the debtor, Sunny J. Firpo, for the total sum of $5,500.00.

**DATED**: JANUARY 26, 2010

                                                /S/
                                    ROBERT HAWKINS,
                                    Chapter 7 Trustee